IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50784
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAUL FERNANDO SANTOS-SANDOVAL,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-01-CR-2214-2-DB
--------------------
February 13, 2003

Before DAVIS, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Raul Fernando Santos-Sandoval was convicted for conspiracy
to import and importation of 50 or more kilograms of marijuana
and conspiracy to possess and possession of the same, in
violation of 21 U.S.C. §§ 841, 846, 952, 960, 963. Santos-
Sandoval argues that the district court erred in granting the
Government's motion in limine with respect to hearsay statements
made by his co-defendants. Santos-Sandoval contends that the
statements qualified as declarations against interest and,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

alternatively, as residual exceptions to the hearsay rule.  The Government's motion to supplement the record is GRANTED.

The admission or exclusion of evidence is reviewed for abuse of discretion.  United States v. Perez, 217 F.3d 323, 329-30 (5th Cir. 2000).  Rule 804(b)(3) of the Federal Rules of Evidence provides a hearsay exception for statements made by an unavailable declarant, that are against his penal interest, and corroborated by circumstances clearly indicating the trustworthiness of the statement.  See United States v. Dean, 59 F.3d 1479, 1492 (5th Cir. 1995) (internal quotation marks and citation omitted).  Under the Rule 807 "residual exception" to the hearsay rule, a statement "not specifically covered by Rule 803 or 804" must have inter alia, circumstantial guarantees of trustworthiness.  FED. R. EVID. 807.

Neither co-defendants' statement disavowing involvement with the marijuana meets the requirement of trustworthiness common to both Rule 804 and Rule 807, in light of extensive testimony from Border Patrol agents observing six individuals carrying six backpacks full of marijuana.  Moreover, the co-defendants' guilty pleas entered after their statements further refutes the trustworthiness of the statements.

Santos-Sandoval also argues that the district court denied him the right to confront a witness on cross-examination. Confrontation Clause errors are reviewed for harmless error. United States v. Ismoila, 100 F.3d 380, 391 (5th Cir. 1996).

The Government questioned a Drug Enforcement Administration (DEA) special agent about a co-defendant's post-arrest statement of residency. Although Santos-Sandoval's inability to question his co-defendant on cross-examination was error, the error was not harmful. The testimony of the Border Patrol agents who apprehended him along with three other individuals and the testimony of the DEA special agent with respect to his interview with Santos-Sandoval established the overall strength of the Government's case. See United States v. Landerman, 109 F.3d 1053, 1064 (5th Cir. 1997). Accordingly, the judgment of the district court is AFFIRMED.